## ROCHESTER *v.* ROBERTS.

If a declaration, containing several counts, is so drawn that each count presents a distinct and perfect cause of action, and the plaintiff discontinues on all the counts but one, he may take judgment on the remaining count.

Because justices of the peace have jurisdiction in civil causes and in actions brought for the recovery of certain penalties and forfeitures to the amount of $13,33, the common pleas are not thereby ousted of jurisdiction in all matters below that sum.

Our practice is to permit a party to bring his suit in the common pleas, if he so elects, but at the risk of having his costs limited to those recoverable before a justice of the peace.

Ordinarily, if an action is brought in the common pleas, which might have been brought before a magistrate, if it clearly appears that the plaintiff had no reasonable expectation of recovering more than $13,33, costs will be limited.

Whether the costs in a suit pending in the common pleas shall be limited or not, is a question addressed to the discretion of that court.

Matters within the discretion of an inferior court are not subject to revision by the court above, unless transferred to the higher court for their decision.

A writ of error will not lie to correct a decision made upon a question addressed to the discretion of the court below.

WRIT OF ERROR. The parties agreed that the court might examine the original writ and declaration in the original action, wherein said Roberts was plaintiff and the town of Rochester was defendant, and the pleadings in that case, and if the court should be of opinion that the sixth cause of demurrer went to and was fatal to the whole declaration, so that the plaintiff was not entitled to a judgment for twelve dollars and costs, either upon the whole declaration or upon some one count therein, waiving further prosecution on the other counts, then and in that case the judgment should be reversed, otherwise it should be affirmed.

The declaration in the original writ contained fifteen counts, to which there was a demurrer. Eleven causes of

demurrer were specified, and the sixth one was sustained by the court.

The declaration was upon the statute for the failure to keep up guide posts in the town, and the fifteen counts set forth fifteen distinct and separate failures. At the close of the declaration there was no claim for the aggregate penalty of all the counts, which would have been $180, but each count was perfect in itself, and claimed the penalty of $12.

The sixth cause of demurrer was that only one penalty of $12 could be recovered for all of the neglects, and this was held good.

Judgment was, thereupon, rendered in the common pleas for $12 debt and $59,96 costs, and to reverse that judgment this writ of error was brought and the above agreement made.

*Kimball*, for the plaintiffs in error.

In the original writ and declaration in which Roberts was plaintiff and the town of Rochester were defendants, and which was brought in the court of common pleas for the county of Strafford, Roberts claimed to recover of the defendants a penalty of $15 per month, for twelve successive months, making $180 in the whole; laying his damages in said writ at $200; claiming to recover such a penalty on account of the town of Rochester's neglect to erect and keep in repair guide posts and guide boards at fifteen different intersections of roads in said town as required by chapter 62 of the Revised Statutes.

The defendants demurred specially to said writ and declaration, alleging that by said statute the defendants forfeited no such penalty as $15 for each month's neglect, but only a penalty of $1 for all of said deficiencies. There was a joinder in demurrer, and the question was transferred to this court, and said cause of demurrer was sustained by this court. And it is admitted that the largest penalty that can be recovered for any number of deficiencies in one action,

under said statute is $12, being $1 per month for twelve months.

Now Roberts contends that although the statute gives him no right to such a penalty or sum as he in his process, claims, but only a penal sum of one-fifteenth part as much, that he had the right to a judgment for the penalty the statute did prescribe, and his large bill of costs, incurred in a long litigation to show his own error, for the judgment in the court of common pleas is for full costs of both courts. And then the town was at great expense to defend against this unlawful and unjust prosecution; but they were compelled to defend or pay some $300 or $400.

Now, even if the penalty had been large enough to have given the court of common pleas jurisdiction, say $15, nothing could be more unjust than to let the plaintiff, after insisting that he had a right, under the statute, to twelve times that sum, and putting the defendants to great costs to defend, have judgment for the less sum and costs; clearly he should have paid costs and amended or gone out of court.

But it is perfectly clear that the court of common pleas had no original jurisdiction in any action for any penalty which could be recovered under this statute, the highest penalty under it amounting to but $12. Rev. Stat. ch. 211, §§ 1, 2, 3, 5, 7, 9.

The first and second sections of chapter 62 of the Revised Statutes give a right to recover penalties in certain cases, but prescribe no process or court in which such penalties may be recovered; they must, therefore, be recovered as prescribed in chapter 211 in the sections cited. Where the penalty does not exceed $13,33, it may be recovered before a justice of the peace; and where it exceeds that sum it may be recovered before the court of common pleas. The court of common pleas has no more jurisdiction over the action for a penalty of $13,33, or less, than the justice of the peace has over one exceeding $13,33. The judgment

rendered in this case, in the court of common pleas, is clearly erroneous as to costs as well as in damages. The plaintiff had no right to $1 for his writ, nor $1,20 for entry, nor $1 for attorney-fees. He had just as good a right to have brought his suit in the superior court of judicature as the common pleas. He had no right to the process he sued out under the statutes, and had he, after the demurrer was decided against him, amended his writ conformably to the statute, the court of common pleas would have no longer jurisdiction of the action. The sixth cause of demurrer in the pleadings, which the superior court sustained, therefore, goes to and is fatal to the whole declaration and process in the common pleas, whether amended or not, and Roberts could have no judgment in his favor there.

*Christie & Kingman*, for the defendant in error.

We deny that there is any error in the record of the judgment sought to be reversed. But however this might be found were the whole record open to revision, we confidently urge and maintain that, under the agreement of the parties upon which the case comes before the court, there is nothing open to consideration for which the judgment should be reversed.

I. The counts in the original writ are all, severally, separate and complete in themselves, each claiming a forfeiture of $1 a month for each of twelve consecutive months' neglect, at some one specified intersection, and any one or more of them may be omitted or stricken out, and the remaining ones would in no way be affected thereby. The counsel for the plaintiff in error misapprehends and misstates the declaration in his argument, as we think is manifest on examination.

II. These counts were all good and sufficient, each in itself, as the court held, against all the grounds of demurrer taken to them severally, as the sixth cause of demurrer does not rest upon any objection to any one of the counts indi-

·vidually. Each count, were there no other in the declara-
tion, contains allegations sufficient, if proved, to entitle the
plaintiff to recover twelve monthly forfeitures of $1 each,
making $12 in the whole. Nor could there be any objec-
tion to the joinder of these counts, nor is any attempted.
If, then, the original case had come to trial on the general
issue, and the plaintiff had proved all the allegations con-
tained in one of his counts, and failed in his proof as to all
the others, would he not have been entitled to a verdict and
judgment thereon for $12, on the count thus proved? If
this be so, would the original plaintiff have been in any
worse condition had he proved all the allegations of fact in
each of his counts? We think not, and submit that upon
a special verdict finding all the allegations of each of the
counts in the plaintiff's favor, he would have been entitled
to a judgment for $12, upon the whole declaration. But if
this be not so, he might certainly, in the case last supposed,
have waived further prosecution on all but the first, or some
other one of his counts, and then on that have taken judgment
for $12. And if this be so, then, in the present case, as the
allegations of each and all the counts are admitted by the
demurrer, the plaintiff might waive further prosecution on
all but his first count, and take judgment for $12 on that.
And in that case, by the express terms of the agreement, the
judgment is to be affirmed.

III. The counsel for Rochester, in his argument, asserts
that the court of common pleas had not jurisdiction in the
original case, and that the suit should have been brought
before a justice of the peace. The plaintiff's claim and
damages, as in good faith made and alleged, were each
above the jurisdiction of a justice, and a suit for such a
claim and such damages could not have been entertained
by a justice, but must have been dismissed at once on mo-
tion. We, therefore, submit that the position is entirely
.unsound.

But if this were otherwise, had the objection been prop-

erly taken in season, it is not now available to the plaintiff in error for two reasons. First, that it was not taken advantage of by the proper plea, at the proper time or in due season, and the objection was thus waived. Second, that the plaintiff in error is confined, by the agreed case, to the sixth cause of demurrer, and cannot now insist upon this error, if it be one.

IV.  The question of costs, in the original suit, was one in the discretion of the court of common pleas, and that discretion was discreetly and soundly exercised, and the court here will not interfere with or overrule the result, even if they could, and we respectfully submit that this court have no right so to do. Rev. Stat. ch. 204, § 6.

EASTMAN, J.  This case, which has been before the court, at different times, upon various questions, is finally submitted to our determination upon an agreed statement; and upon this statement and the papers referred to and accompanying the same, two questions arise: First, could judgment be rendered in the common pleas upon the original writ, or upon any one count in the same for $12, the sum for which it was rendered and costs; and second, judgment being taken for that sum in debt, could full costs be taxed?

An examination of the declaration shows that it was founded on chapter 62 of the Revised Statutes, in relation to guide posts. It contains fifteen counts, each one being for a separate and distinct delinquency at an intersection of a highway different from that set up in the other counts; and in each count the claim of $12 is made for the neglect set forth in the same, the count closing, in substance, as follows: Whereby an action hath accrued to the plaintiff to have and recover of the said town of Rochester the sum of $1 for each month's neglect as aforesaid, and amounting in the whole to $12.

The declaration closes in the usual form, that " yet, though often requested, the said defendants have not paid all or

either of said sums, but neglect it. To the damage of the plaintiff, as he says, the sum of $500."

The sixth cause of demurrer, referred to in the agreement of the parties was, "that the defendants forfeited but $1 each month for all of said supposed neglects;" and upon the question going to the superior court, it was held, as we understand the decision to have been, that $12 was the extent that could be recovered in any one action; that such was the construction to be put upon the statute. The statute has since been repealed, and another passed as a substitute.

The section of the statute, as then in force, is as follows: " If any town shall neglect to erect or keep in repair such guide post or guide board at each intersection of the highways therein, they shall forfeit for each month's neglect the sum of one dollar, to be recovered by any person who will sue for the same for his own use." ·Rev. Stat. ch. 62, § 2.

Upon this section it would seem clear that an action could be maintained against a town for a failure to keep in repair a guide post or board at one intersection only; and that had the plaintiff, in the court below, brought his suit for a failure at one intersection, and had inserted in his writ but one count for a twelve months' delinquency at that intersection, he would have recovered the $12, that is, if the court of common pleas had jurisdiction of the case.

It is contended, in argument, that inasmuch as $12 is the extent of the amount that could be recovered on this statute, in any one suit, the common pleas had no jurisdiction of this case, the jurisdiction of the justice of the peace extending to $13,33.

Under the construction which has been given to this statute, to which we have alluded, and the general provisions that all suits and prosecutions founded upon any penal statute, which are wholly or in part for the use of the prosecutor, shall be brought within one year, (Rev. Stat. ch. 211, § 9,) there can be no doubt that $12 is the most that.

could be recovered. But we have never held that because a justice of the peace may entertain jurisdiction to the extent of $13,33, the common pleas are thereby ousted of jurisdiction of all matters below that sum. Unless the statute confines the original jurisdiction of the subject-matters to a magistrate, our practice has been to permit a party to bring his suit in the common pleas, if he so chose, but at the risk of having his costs limited to those recoverable before a justice of the peace.

And we think the defendant in error might well enough have brought his action in the common pleas, as he did, and that that court could entertain jurisdiction of the cause. There is nothing in the statute prohibiting the common pleas from taking jurisdiction of actions of this kind. The provision that all penalties and forfeitures, not exceeding $13,33, *may* be recovered before a magistrate, (Rev. Stat. ch. 211, § 1,) does not necessarily confine parties to the bringing of such actions before a justice of the peace.

There is, therefore, no difficulty in the case upon the question of jurisdiction, and even if there were, it might be questionable whether it could be taken advantage of at this stage of the proceedings. As a general rule, objections to the jurisdiction of a court of record must be taken advantage of by plea in abatement. But it is unnecessary to examine further this question, as we entertain no doubt that the common pleas could take jurisdiction of such an action.

Being, then, of opinion that an action of this kind could be brought in the common pleas for one neglect only, on the part of the town to keep up a guide board, as stated in the statute, we think the plaintiff, in the court below, might recover on one count of his declaration, " waiving," as is expressed in the agreed statement, " further prosecution on the other counts." If fourteen of the counts were stricken out, or the plaintiff discontinued on fourteen of them, as we understand he might, according to the terms of the agreement, the declaration would then contain one good count,.

such as would be drawn for one neglect, upon which judgment could be rendered for $12 debt. If there had been an allegation of claim for a default accruing upon all the counts, which would have been $180, there might be a difficulty in the plaintiff's obtaining judgment on one count, but the declaration contains no such allegation; as it is drawn a discontinuance on fourteen of the counts, leaves the declaration a perfect one on one count, and the plaintiff "waiving prosecution on the other counts," could take judgment for one penalty.

But upon judgment being taken for $12 debt, could full common pleas costs be taxed? This is the second question presented by the case.

Upon an examination of the papers accompanying the agreed statement, it appears that costs to the amount of $59,96 were taxed upon the rendition of judgment in the court below. No exception is taken that they were not properly taxed as common pleas costs, but the objection is that the costs should have been limited to those recoverable before a justice of the peace.

The statute in regard to costs, which is applicable to this question, is quite familiar, but still we quote it. It is as follows: "In all actions commenced in the court of common pleas, if it appears that the plaintiff had no reasonable expectation of recovering more than $13,33, the court may limit the costs to such sum as they think reasonable." Under this section it is discretionary in the common pleas to limit the costs or not, as they shall deem proper and right, according to the circumstances of the case; and the practice no doubt is, that where it is shown that the plaintiff had no reasonable expectation of recovering more than $13,33, the costs will be limited. But this should be made clearly to appear. *Church* v. *Clarke*, 6 Foster's Rep. 366.

Matters within the discretion of an inferior court are not subject to revision by the court above, unless expressly transferred for that purpose. Such is our well established

practice, and we have had occasion so to state it at the present term. *Janvrin* v. *Scammon*, 9 Foster's Rep. 280. And a writ of error will not lie to correct a decision made upon a question addressed to the discretion of the court, and by them decided.

The court below might have limited these costs had they seen fit. But it was within their discretion to do it or not; and having declined to limit them, and ordered full costs to be taxed, we cannot, upon a writ of error, reverse that decision.

Our opinion being against the plaintiffs in error, upon the questions raised by the agreed statement of the parties, there must of course be

*Judgment for the defendant in error.*